UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.                                    Case No 2:10-MJ-00364
                                         Judge James L. Graham
                                         Magistrate Judge E. A. Preston Deavers

**CARLOS W. COOK,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Defendant Carlos W. Cook is charged by Complaint with assault on a U.S. Postal Service employee under 18 U.S.C. § 111. (Doc. 1.) On June 15, 2010, upon Defendant's counsel's unopposed request for a psychiatric exam to determine Defendant's competency pursuant to 18 U.S.C. § 4241(a) (Doc. 7), the Court Ordered Defendant to submit to such an examination. (Doc. 9.) Consistent with that Order, a Netcare forensic psychologist evaluated Defendant on July 19, 2010. (Doc. 12.) The evaluating clinician has concluded that Defendant is presently severely mentally ill and is incapable of understanding the nature and objective of the proceedings against him and of assisting in his own defense. Further, the clinician recommended that Defendant be committed to treatment to restore him to competency.

Under 28 U.S.C. § 4241(a) and (c), the parties are entitled to a hearing on the issue of Defendant's competency. *See also* 18 U.S.C. § 1447(d). Both Defendant's counsel and the Government, however, have reported their agreement with the clinician's report's findings and conclusions. (Docs. 13, 14.) Specifically, Defendant's counsel reported that he "does not intend

to challenge either [the clinician's] conclusions or recommendations," and further, Defendant's counsel requests that the Court issue an order committing Defendant to the custody of the Attorney General for hospitalization in a suitable facility. (Doc. 13 at 1.) Likewise, the Government reported that it "concurs with the recommendation of the counsel for defendant that the Court should commit the defendant to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d)." (Doc. 14 at 1.)

The undersigned interprets the parties' foregoing representations as waiving their rights to a competency hearing or to submit additional evidence.

Based on the undersigned's observation of Defendant during his initial appearance and the unrebutted psychological evidence, the undersigned **RECOMMENDS** that the Court find, by a preponderance of the evidence, that Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* U.S.C. § 4241(d). Therefore, the undersigned further **RECOMMENDS** that Defendant be committed to the custody of the Attorney General, who should be **DIRECTED** to hospitalize Defendant "for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed." 18 U.S.C. § 4241(d)(1).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**If, to expedite the process, the parties wish to waive their right to object to the Report and Recommendation, they may file a Notice with the Court indicating such.**

<u>August 12, 2010</u>                                            <u>    /s/ *Elizabeth A. Preston Deavers*    </u>
                                                                                        Elizabeth A. Preston Deavers
                                                                                        United States Magistrate Judge