IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA

              VS.                :       Case No. 2:10-mj-364
                                                Judge Graham
                                                Magistrate Judge Preston-Deavers

CARLOS W. COOK,

        Defendant.

MOTION OF THE UNITED STATES TO EXCLUDE
ANY PERIOD OF DELAY RESULTING FROM THE
MENTAL INCOMPETENCY OF DEFENDANT CARLOS W. COOK

The United States moves the Court pursuant to 18 U.S.C. § 3161(h)(4) for an order excluding any period of delay in this case resulting from the fact that Defendant Carlos W. Cook is mentally incompetent  and unable to stand trial.  In the alternative, the United States moves pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and (7)(A) for a determination that any delay in transporting defendant to an appropriate Bureau of Prisons (BOP) facility for the further evaluation, pursuant to a finding by the Court is mentally incompetent, is reasonable and excludable from the time limit set forth in 18 U.S.C. § 3161(b).

                        Respectfully submitted,

                        CARTER M. STEWART
                        United States Attorney

                        s/Dale E. Williams, Jr.
                        DALE E. WILLIAMS, JR. (0020094)
                        Assistant United States Attorney
                        303 Marconi Boulevard, Suite 200
                        Columbus, Ohio 43215
                        (614) 469-5715
                        Fax: (614) 469-5653
                        Dale.Williams @usdoj.gov

<u>MEMORANDUM IN SUPPORT</u>

Defendant Cook was arrested on a complaint and warrant on the evening of June 9, 2010. His initial appearance before the Court was held on June 10, 2010. On that same day, his counsel filed a motion to determine his competency as well as his sanity. (Doc. No. 7). On July 13, 2010, the Court entered an order for a psychiatric examination of defendant. (Doc. No. 11). In that order, the Court designated Netcare Forensic Psychiatry Center to conduct the examination, and that the examination occur within thirty days of July 7, 2010. (*Id.*).

In a letter dated July 26, 2010, Netcare's Dr. Daniel D. Hrinko informed the Court that in his opinion, with a reasonable degree of psychological certainty, that the defendant is not currently capable either of understanding the nature and objective of the proceedings against him or assisting his counsel in his own defense. Dr. Hrinko further opined defendant likely would respond to an appropriate course of treatment in a locked inpatient psychiatric facility such as exists at the Federal Correctional Center in Butner, North Carolina.

On August 18, 2010, the Court entered an order in this case, in which it found that Defendant Carlos W. Cook was presently suffering from a mental disease or defect rendering him mentally incompetent to the extent he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (Doc. No. 16). Based upon this finding, the Court committed the defendant to the custody of the Attorney General, for a period not to exceed four months, for examiners to determine whether there is a substantial probability that defendant will attain the capacity in the foreseeable future to permit the proceedings to go forward, and for any additional reasonable periods of time for treatment of defendant's mental condition and for other examinations. (*Id.*).

When such an order is entered, the Attorney General must hospitalize the defendant for treatment in a suitable facility.  *See* 18 U.S.C. § 4241(d).

Ordinarily, an information or indictment must be filed within thirty days of an individual's arrest.  18 U.S.C. § 3161(a).  However, under 18 U.S.C. § 3161(h), periods of delay resulting from the filing of pretrial motions, from examinations to determine mental competency of a defendant, and the fact that a defendant is mentally incompetent shall be excluded in computing the time within which an information or indictment must be filed.

The United States submits that, given the procedural record in this case, the entire period of delay from the filing of defendant's motion to determine both his competency and his sanity through that time, if ever, defendant becomes mentally competent should be excluded under § 3161(h) in computing the time within which an information or indictment must be filed.  More specifically, any delay occasioned by the filing of and ruling upon defendant's motion to determine defendant's competency and sanity should be excluded under § 3161(h)(1)(D).  Any delay resulting from the orders of the Court that defendant submit to a mental health examination by Netcare, the timely filing of Netcare's evaluation report opining defendant is presently severely mentally ill, and the finding of the Court on August 18, 2010 that defendant is mentally incompetent should be excluded under § 3161(h)(1)(A).  Likewise, any period of delay resulting from the fact that defendant is mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense should be excluded under § 3161(h)(4).

The United States appreciates the concern of the Court that § 3161(h)(1)(F) and *United States v. Turner*, 602 F.3d 778 (6th Cir. 2010), a recent Sixth Circuit case that interpreted the statute, could impact whether this entire period of delay should be excluded.  That concern arises from a

delay in transporting Defendant Cook, while in the custody of the Attorney General following the determination of the Court on August 18, 2010 that the defendant was mentally incompetent, to a suitable BOP facility.

Counsel for the government learned from a Deputy United States Marshal on October 1, 2010 that although defendant remained in the custody of the Attorney General, he had not yet been transported from this district to a BOP facility for the further evaluation as ordered by the Court. At a status conference held on October 4, 2010, a Supervisory Deputy United States Marshal advised the Court that the defendant could not be transported because no space for him was available at a suitable BOP facility.  On the afternoon of October 5, 2010, a Supervisory Deputy United States Marshal advised counsel for both the government and the defendant that Carlos Cook was scheduled to begin his movement to a suitable federal psychiatric facility on October 6.

The United States suggests the provision in the Speedy Trial Act that controls in this period following the determination of defendant's mental incompetency is § 3161(h)(4).  This provision provides that any period of delay resulting from the fact the defendant is mentally incompetent shall be excluded in computing the time within which an information or indictment must be filed.

In *Turner*, a defendant, arrested pursuant to a criminal complaint, was ordered by the district court on June 8, 2005 to undergo a competency examination.  *Turner* at 782-83.  The defendant did not arrive at the facility where the examination was to take place until August 12, 2005.  *Id*. at 783. The indictment of the defendant was returned on January 18, 2006.  *Id*. at 782.

The Sixth Circuit recognized that under the Speedy Trial Act, the government had thirty days, subject to many exclusions, to indict Turner after arresting him.  *Id*.  Two particular Speedy Trial Act exclusions mattered to the Sixth Circuit: one that excluded delay resulting from mental

competency examinations under § 316(h)(1)(A), and the other that excluded delay in transporting the defendant for a competency evaluation under § 3161(h)(1)(F).  (*Id.*).

The Sixth Circuit found that the government did not rebut the presumption under § 3161(h)(1)(F) that delays lasting more than ten days in transporting the defendant for a mental competency evaluation were unreasonable. (*Id*. at 783).  According to the Sixth Circuit, because a total of more than thirty days passed between Turner's arrest and his indictment, after factoring in a number of Speedy Trial Act exclusions, the Act required the court to dismiss the original charges against him. (*Id*. at 782-83).

The facts presented in *Turner* make evident that the Sixth Circuit had no reason to consider whether § 3161(h)(4) of the Speedy Trial Act would apply.  The delay in *Turner* that ran afoul of § 3161(h)(1)(F), which delay preceded a finding of mental incompetency and which resulted in dismissal of charges, occurred between the time the district court ordered a competency evaluation and the time defendant was transported to and arrived at the facility for the evaluation.  *Id.*

The facts in this case are readily distinguishable from those in *Turner*.  In the case of Defendant Cook, the competency examination already had occurred and the Court already had determined Cook was mentally incompetent.  Having made this finding of fact, the Court should find that the provisions of § 3161(h)(4) apply, and that the delay resulting from defendant's mental incompetency is excludable.

Even if § 3161(h)(1)(F) would apply in this case, the Court could properly conclude the time consumed in excess of ten days in transporting defendant to a suitable BOP facility was reasonable.

For the reasons stated herein, the Court should enter an order pursuant to 18 U.S.C. § 3161(h)(4) excluding any period of delay from the time limit set forth in 18 U.S.C. § 3161(b)

resulting from the fact that Defendant Carlos W. Cook is mentally incompetent and unable to stand trial. In the alternative, the Court should determine pursuant to 18 U.S.C. §§ 3161(h)(1)(A) and (7)(A) that any delay in transporting defendant to an appropriate Bureau of Prisons (BOP) facility for the further evaluation, pursuant to a previous order by the Court was occasioned by an absence of available space for him at an appropriate BOP facility, is reasonable and likewise excludable.

Respectfully submitted,

CARTER M. STEWART
United States Attorney


s/Dale E. Williams, Jr.
DALE E. WILLIAMS, JR. (0020094)
Assistant United States Attorney
303 Marconi Boulevard
Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-5653
Dale.Williams @usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing memorandum was served this 7th day of October, 2010, electronically on:  Steven S. Nolder, Federal Public Defender, Attorney for Carlos W. Cook.


s/Dale E. Williams, Jr.
DALE E. WILLIAMS, JR. (0020094)
Assistant United States Attorney