**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:10-MJ-364 |
| vs. | : | JUDGE GRAHAM |
| CARLOS W. COOK, | : | MAGISTRATE JUDGE PRESTON-DEAVERS |
| Defendant. | : | |

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S**
**MOTION TO EXCLUDE TIME FROM THE SPEEDY**
**INDICTMENT AND SPEEDY TRIAL CLOCKS.**

Whether time should be excluded from the speedy indictment and/or speedy trial clocks is a fact intensive inquiry. Consequently, first, Cook will set forth the procedural history of his case. Next, the applicable law will be discussed. Finally, Cook will apply the law to the facts of his case in order to determine how much time has run on the speedy indictment/trial clocks.

**I.      Procedural History.**

A complaint was filed against Cook on June 3, 2010. (R. #1, Complaint). Cook made his first appearance on the complaint seven days later at which time counsel was appointed. (R. #3 & 5, Minute Entry and Order Appointing Federal Public Defender). After this hearing concluded, undersigned counsel moved this Court for an order determining both Cook's sanity and competency. (R. #7, First Motion for Psychiatric Exam).

On June 15, 2010, this Court granted Cook's motion to have his competency determined but denied, as premature,  the prong seeking a determination of his sanity. (R. # 9, Order). Cook's competency evaluation was conducted at the Franklin County Jail by Dr. Hrinko, who is employed by Netcare. The evaluation was to be completed and a report filed with this Court within thirty days

of June 10, 2010.  (R. #9, Opinion and Order).  However, this deadline was extended on July 13, 2010 and Netcare was given until August 6, 2010 (thirty days from July 7, 2010) to complete its work.  (R. #11, Order).

On July 28, 2010, Dr. Hrinko filed his report opining that Cook was incompetent.  (R.# N/A, Hrinko's Report, p. 7).  As a result of this conclusion, Dr. Hrinko found that Cook was in need of hospitalization in a suitable Bureau of Prisons (BOP) facility in order for his competency to be restored.  (R.# N/A, Hrinko's Report, p. 7).

The day after Dr. Hrinko filed his report, undersigned counsel noted his agreement with Dr. Hrinko's conclusion.  (R. #13, Notice of Non-Opposition).  Furthermore, on July 30, 2010, the government also noted its agreement.  (R. #14, Memorandum of the United States).

On August 12, 2010, this Court filed a report and recommendation finding that Cook was incompetent and ordered him to be committed to the custody of the Attorney General for treatment in a suitable BOP facility.  (R. #15, Report and Recommendation).  Because neither party objected to this report and recommendation, an order adopting it was filed on August 18, 2010.  (R. #16, Order Adopting Report and Recommendation).  As part of this order, Cook was committed  to the custody of the Attorney General for treatment at a suitable BOP facility in an effort to restore his competency.  (R. #16, Order Adopting Report and Recommendation, p. 2).

After it come to light that Cook was not transported to a BOP facility within ten days of the August 18, 2010 order, a status conference was convened on October 4, 2010.  (R. #17, Notice of Hearing).  At this conference, a representative of the United States Marshal's Service was called upon to explain Cook's continued presence in the Southern District of Ohio after the August 18, 2010 order.  The explanation provided was that there were no beds available in a BOP facility where

Cook could be treated in order to restore his competency.  Additionally it was noted that Cook was "high on the list" for placement at a facility once a bed became available.  Several days after the status conference, Cook was conveyed to a BOP facility for treatment.

## II. **Applicable Law.**

The Speedy Trial Act, codified at 18 U.S.C. §§ 3161-3174, provides time periods within which a defendant must be indicted and brought to trial.  Title 18 U.S.C. § 3161, or the speedy indictment clock, provides that a defendant must indicted within 30 days from the date of his arrest whereas 18 U.S.C. § 3161(c)(1), or the speedy trial clock, provides that the trial must begin within seventy days of the return of the indictment.  Even though the speedy indictment/trial deadlines are inflexible on their face, § 3161(h) provides certain periods of time may be excluded.  *Zedner v. United States*, 547 U.S. 489, 497 (2006).

Key to determining the exclusion of time in the case at bar is the interplay between § 3161(h)(1)(A); § 3161(h)(1)(D); § 3161(h)(1)(F); and § 3161(h)(4).  Section 3161(h)(1)(A) excludes delays resulting from any proceeding/examination relating to Cook's competency.  Section 3161(h)(1)(D) excludes delays relating to the filing of pretrial motions as well as a reasonable time to dispose of those motions, normally thirty days.  Section 3161(h)(1)(F) excludes the time necessary to transport a defendant for hospitalization.  Ten days is presumed to be adequate to transport the defendant for hospitalization and anything in excess of ten days is presumed by the statute to be unreasonable.  Finally, § 3161(h)(4) excludes "any period of delay resulting from the fact" that Cook is incompetent.  The application of the first two sections to this case are straightforward; however cases construing the third and fourth deserve some further discussion.

3

In *United States v. Gurley*, 918 F.2d 179, 1990 WL 177318 (TABLE) (6th Cir. 1990), the court interpreted § 3161(h)(4) and applied it to the salient facts and found that a sixteen month delay during which Defendant Taylor was incompetent, was "excludable time." *Id.* at *5. The Seventh Circuit in *White v. United States*, 273 Fed. Appx. 559, 2008 WL 1723340 (7th Cir. 2008) also excluded, from the speedy trial clock, the entire time period that the defendant was incompetent. *Id.* at 564.

Recently, in *United States v. Turner*, 602 F.3d 778 (6th Cir. 2010), the Sixth Circuit construed the interplay between §§ 3161(h)(1)(F) and (h)(1)(A). In *Turner*, the court held that § 3161(h)(1)(F) is a "specific exception to the general rule announced in § 3161(h)(1)(A), imposing a presumptive limit of ten days for transportation on the otherwise unlimited time for competency hearings." *Id.* at 782.

Finally, in *Bloate v. United States*, ___ U.S. ___, 130 S.Ct. 1345 (2010), the Court rejected the interpretation of the Speedy Trial Act that would render a provision of the Act a nullity. *Id.* at 1353, n.9.

### III.    Application Of The Law To Facts Of This Case.

The speedy indictment clock began running on the date of Cook's initial appearance but was tolled the same day with the filing of his motion for a competency evaluation. This motion was timely ruled on by this Court five days later and Dr. Hrinko's report was also timely filed. Once Dr. Hrinko's report was filed, this Court's report and recommendation finding that Cook as incompetent as well as the order adopting the report and recommendation were also timely. Consequently, from Cook's date of arrest through the August 18, 2010 order, only one day expired on the speedy indictment clock.

The next block of time that will be addressed will be from the August 18, 2010 order through the status conference that occurred on October 4, 2010.  During this juncture, Cook had been determined to be incompetent so it might be convenient to point to § 3161(h)(4) and exclude all of this time because of this status.  However, such an interpretation would render the ten day transportation requirement engrafted in § 3161(h)(1)(F) a nullity.

The August 18, 2010 order clearly was "an order of removal" sending Cook to the BOP for treatment.  Consequently, the ten day transport clock in §3161(h)(1)(F) began running the day the August 18, 2010 order was entered.  Because the United States Marshal's Service took almost 40 days to transport Cook to a BOP facility for treatment, this delay is presumed to be unreasonable under § 3161(h)(1)(F).

However, the analysis does not end there.  In *Turner*, the Sixth Circuit took the government to task for failing to rebut the presumption of unreasonableness found in § 3161(h)(1)(F).  The court was unimpressed with the attempt to explain the delay in transporting Turner and characterized it as "vaguely relying on the difficulty suffered by the facility and by the United States Marshal Service effectuating a timely evaluation and transportation to and from the facility."  *Turner*, 602 F.3d at 783.  However, in the case at bar, the government developed the record with an explanation for the delay — there simply was not a bed available for Cook at a facility where he could be treated.

Under these circumstances, this unrebutted explanation would serve as sufficient cause to rebut the presumption of unreasonableness found in § 3161(h)(1)(F).  Consequently, at this juncture and given the state of this record, undersigned counsel believes that one day has room on the speedy indictment clock has run.

5

Respectfully submitted,

STEVEN S. NOLDER
FEDERAL PUBLIC DEFENDER


  /s/   Steven S. Nolder
Steven S. Nolder   (0037795)
Federal Public Defender
10 West Broad Street, Suite 1020
Columbus, Ohio 43215-3469
(614) 469-2999
Steve_Nolder@fd.org

Attorney for Defendant
Carlos W. Cook


## CERTIFICATE OF SERVICE

_____I hereby certify that a true and accurate copy of the foregoing was electronically served upon

Dale E. Williams, Assistant United States Attorney this 8th day of October, 2010.


  /s   Steven S. Nolder
Steven S. Nolder   (0037795)
Federal Public Defender

Attorney for Defendant
Carlos W. Cook

6